**ROD UNDERHILL**
State Bar No. 96025
P.O. Box 1238
Julian, CA 92036
Tel: (619) 540-0631
Email: MP3Rod@aol.com

Attorney for Bellefit, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Bellefit, Inc.,** a Florida Corporation<br><br>Plaintiff,<br><br>v.<br><br>**Hardee Girl, Inc.** a Georgia Corporation<br><br>Defendants | NO. '16CV1688 MMA JLB<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a);**<br>2. **UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a);**<br>3. **UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 and 17500, ET SEQ;**<br>4. **CONTRIBUTORY TRADEMARK INFRINGEMENT; AND**<br>5. **VICARIOUS TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff Bellefit, Inc., at all times relevant, is and was a duly formed Florida corporation with its principle place of business as 304 Indian Trace Ste 216 Weston FLORIDA 33326.

2. Upon information and belief, at all times relevant, Defendant Hardee Girl, Inc., is a duly formed Georgia corporation with a principle address of PO Box 4494 Alpharetta GEORGIA 30023.

## JURISDICTION AND VENUE

3. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4. The amount in controversy between the parties exceeds $75,000.

5. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because it has extensive contacts with, and conduct business within, the State of California and this judicial district; Defendant have caused Bellefit marked products, under the BELLEFIT, BELLE BY KIM GRAVEL and FLEXIBELLE marks to be advertised, promoted, and sold or promoted for sale in this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant has extensive contacts with, and conduct business within, the State of California and this judicial district; Defendant has caused Bellefit marked products, under the BELLEFIT, BELLE BY KIM GRAVEL and FLEXIBELLE marks to be advertised, promoted, and sold or promoted for sale in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district and has a regular and established place of business within this judicial district through it's partnership with QVC. QVC, the world's leading video and ecommerce retailer, operates it's West Coast distribution center in

Ontario, California, with products being sold directly to consumers in this Judicial District. The Defendant is in partnership with QVC, and issued a press release, shown below, bearing the QVC mark, with apparent approval by QVC, that establishes the partnership between the Defendant and QVC.  QVC (an initialism for "Quality, Value, Convenience") is an American cable, satellite and broadcast television network, and multinational corporation specializing in televised home shopping that is owned by Liberty Interactive. Founded in 1986 by Joseph Segel in West Chester, Pennsylvania, United States, QVC broadcasts to more than 350 million households in seven countries as QVC US, QVC UK, QVC Germany, QVC Japan, QVC Italy, QVC/CNR (China) and QVC France. The USA national QVC distribution network ships approximately 500,00 units each business day, with approximately 20% of those units being shipped from the California distribution center.  The California based distribution center employees several hundred employees and conducts extensive business in San Diego County from its Ontario, California location.  The defendant regularly conducts business with numerous residents of San Diego County.  Kim Gravel, the principle of the Defendant entity, is a television personality, entrepreneur, and confidence coach and beauty expert. Gravel starred in the Lifetime docu-series Kim of Queens, is a recurring contributor on The Steve Harvey Show and Headline News Network, and is featured on the SiriusXM Radio show Dirty Pop with Lance Bass in the weekly advice column Gravel Mail, all of which is or has been regularly broadcasted to San Diego County. The Defendant has published "BELLEFIT" product advertising, in conjunction with QVC, within San Diego County, via advertisements that infringe upon the Plaintiff's BELLEFIT marks, via the San Diego based CBS news affiliate as documented at the San Diego CBS news local website, CBS8.com: (http://www.cbs8.com/story/32124801/kim-of-queens-bringing-her-collection-to-qvc), (retrieved June 29, 2016,) and containing, in part "With new technology like Flexibelle® fabric and cuts like Curvallusion® and BelleFit®, Belle by Kim

Gravel® helps to transform frustrating fit areas into accentuated positives allowing a real woman to love her body at any size, while bringing a little glam into the everyday." Further, legal counsel for Plaintiff, who has exclusively represented Plaintiff for five years regarding federal intellectual property civil causes of action, including trademark prosecutions and trademark oppositions, operates from San Diego, County. San Diego area unauthorized "BELLEFIT" advertising published by the Defendant includes the following from the San Diego CBS network affiliate, dated June 29, 2016:



CBS8.com provides local news, weather, traffic, advertising and community content to the residents of San Diego County, California.

### FACTUAL BACKGROUND

### BELLEFIT'S Business and the BELLEFIT® Trademarks

7. Plaintiff is a leading developer and merchant of women's wear, which is sold under the BELLEFIT® Trademarks.

8. Since at least as early as June 4th, 2008 Plaintiff has continuously used the highly distinctive

trademark BELLEFIT® mark to market and sell its women wear products throughout the United States and the world.

9. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the BELLEFIT® marks and the products offered thereunder. As a result of Plaintiff's efforts, the public has come to recognize and rely upon the BELLEFIT mark as an indication of the high quality associated with Plaintiff's women's wear products.

10. Plaintiff is the registrant, or exclusive licensee, of numerous U.S. federal trademark registrations for marks consisting of or including BELLEFIT including, but not limited to the following:

- BELLEFIT, U.S. Reg. No. 4,839,363 for "Online retail store services featuring maternity clothing, namely, girdles, corsets, pajamas, bras, briefs and panties" in Int. Cl. 35, registered on October 27, 2015, based on first use in 2010.

- BELLEFIT DOUBLE CORSET, U.S. Reg. No. 4,639,536, for "Abdominal corsets; Corsets for therapeutic use" in Int. Cl. 10, registered on November 18, 2014, based on first use in 2012.

- BELLEFIT DUAL-CLOSURE GIRDLE, U.S. Reg. No. 4,639,535 for "Abdominal corsets; Corsets for therapeutic use" in Int. Cl. 10, registered on November 18, 2014, based on first use in 2012.

- BELLEFIT (Stylized), U.S. Reg. No. 3879924 for "Abdominal Corsets; Corsets for Therapeutic Use" in Int. Cl. 10, registered on November 23, 2010, based on first use in 2008.

- BELLEFIT, U.S. Reg. No. 3726278, for "Abdominal corsets; Corsets for therapeutic use" in Int. Cl. 10, registered on December 15, 2009, based on first use in 2008.

11. All of these above-referenced "BELLEFIT" registrations are valid, subsisting and in full force and effect, and constitute evidence of the validity of the marks and of the Plaintiff's

exclusive right to use them in connection with the goods and services identified therein, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(a).  Further, Reg. No. 3,726,278 has become incontestable under Section 15 of the Lanham Act. In the following press release, Defendant falsely claimed to own the PTO registered BELLEFIT mark.

**Unauthorized Use of BELLEFIT® in Internet Advertising**

12.  Upon information and belief, the Defendant issued a press release ("press release") to the Internet as follows:

**"NEW YORK, June 2, 2016 /PRNewswire/ -- Television personality Kim Gravel is scheduled to bring her collection Belle by Kim Gravel® to QVC®, the world's leading video and ecommerce retailer, on Monday, August 22 at 10 AM (ET). Created especially for QVC, the line is the culmination of Gravel's 20 years working in fashion, design and women's empowerment. The mission driving this new brand is the marriage of Kim's passion for fashion, women's issues and a desire for every woman to Believe In Your Own Beauty®.**

**"I'm thrilled to announce the launch of my Belle by Kim Gravel® collection for QVC. I have put so much of myself into every piece and couldn't be happier to bring it to such a respected retailer. I know I've found the right home and cannot wait to share it with everyone," said Gravel.**

**With new technology like Flexibelle® fabric and cuts like Curvallusion® and BelleFit®, Belle by Kim Gravel® helps to transform frustrating fit areas into accentuated positives allowing a real woman to love her body at any size, while bringing a little glam into the everyday.**

**"I want the clothes to make women feel like they are tailored just for them, with style, comfort and a little bit of the wow factor," said Gravel. "My goal is to help women see their**

6

bodies differently, and these clothes help to do that. No matter who you are or what size you are, when you put on Belle by Kim Gravel®, you see and believe in your own beauty."

Geared for the modern woman, the Belle by Kim Gravel® fall 2016 collection is a total closet makeover. Offering a head-to-toe mix of flattering knit and woven tops, stylish structured jackets, statement piece sweaters and the must-have Flexibelle® Five-Pocket Jean, Kim Gravel understands that beauty is a package, not a size.

For more information, visit QVC.com, the QVC apps, by calling 800.345.1515 or by visiting www.KimGravel.com and on social media:

Instagam: @KimGravel

Facebook: OfficialKimGravel

Twitter: @Kim_Gravel

About Kim Gravel:

Kim Gravel is a television personality, entrepreneur, confidence coach and beauty expert, but most of all she has a passion for women and seeing them rise. Gravel starred in the Lifetime docu-series Kim of Queens, is a recurring contributor on The Steve Harvey Show and Headline News Network, and is featured on the SiriusXM Radio show Dirty Pop with Lance Bass in the weekly advice column Gravel Mail. At the age of 19, Kim became one of the youngest Miss Georgias in the state pageant's history, went on to represent her home state in the renowned Miss America pageant and as a result was asked to represent the USA as Goodwill Ambassador to Japan. Kim has worked for cosmetic giants Revlon and Christian Dior, served as National Cosmetology Association spokesperson, and logged thousands of hours as make-up artist and stylist to over 100 fashion shows and photo shoots. Kim has been designing clothing for 20+ years, and created her first boutique cosmetic line in 2009, bringing her fresh and confident approach to women across the

**country. www.KimGravel.com**

**©2016 QVC, Inc., QVC, the Q and Q Ribbon Logo, are registered service marks of ER Marks, Inc. and QVC, Inc.**

**SOURCE Kim Gravel"**

13. Defendants' unauthorized use of Plaintiff's BELLEFIT® mark, and confusingly similar variations thereof, via the above press release, is likely to confuse, mislead, and deceive consumers as to the source of products available through the Defendant's website and through QVC television programming. Defendant failed to remove third party publication of the press release although each of the third party publishers presented the ability to the Defendant to do so, in a manner the same or similar to what is shown in the above CBS8 webpage screen capture.

14. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the BELLEFIT ® trademark or any variations thereof in connection with the manufacture, marketing, or sale of any products or services.

15. On information and belief, Defendant's actions are willful and reflect intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's marks.

16. The women's wear products that Defendant is marketing via confusing variations of the Bellefit brand and marks are offered through the same channels of distribution and to the same target customers as Plaintiff's BELLEFIT® women's wear products.

17. Plaintiff sent a demand letter to the Defendant on or about June 6th, 2016, informing it of Plaintiff's valuable trademark rights and demanding that it cease all use of the BELLEFIT trademark, and a second demand letter on June 27,th 2016, to Defendant's legal counsel, demanding that Defendant cease all use of the BELLEFIT mark as well as "Belle by Kim Gravel" and "Flexibelle," which are confusing and similar variations of the BELLEFIT mark. To

date, Defendant has not issued a corrective press release indicating that Defendant does not own the PTO registered BELLEFIT mark nor corrected the consumer impression that "Belle by Kim Gravel" and "Flexibelle" are "spin off" marks of the BELLEFIT mark and confusingly similar variations of the BELLEFIT mark.

18. As of the date of this Complaint, Defendant continues to use the BELLEFIT® trademark, and confusingly similar variations of the BELLEFIT trademark, without authorization, through a failure to issue a correcting Press Release that disavows use of the BELLEFIT trademark and through a continuing use of confusingly similar versions of the BELLEFIT trademark.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a))**

19. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 18 of this Complaint.

20. The actions of Defendant described above and specifically, without limitation, their unauthorized use of the BELLEFIT ® trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell women's wear products throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

21. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the BELLEFIT ® mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

22. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of "BELLEFIT" related products,

including through the use of similar and confusing variations of the BELLEFIT marks, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**

**(Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a))**

23.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 22 of this Complaint.

24.  Defendant's actions described above and specifically, without limitation, Defendants' use of the BELLEFIT® trademarks, and confusingly similar variations thereof, in commerce to advertise, market, and sell women's wear products throughout the United States including California; constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a), in particular since the Defendant claimed to own the Bellefit PTO registration and misused the registration symbol in conjunction thereto.

25.  Consumers are likely to be misled and deceived by Defendants' representations regarding owning the registered BELLEFIT mark and by the Defendant's misuse of the registration symbol.

26. Defendants knew or should have known that their statements that it owned the PTO registered BELLEFIT mark was false or likely to mislead.

27. As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

10

28. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales of Bellefit related women's wear products, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**

**(Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 et seq.)**

29. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 29 of this Complaint.

30. Defendant's actions described above and specifically, without limitation, Defendants' use of the BELLEFIT® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell women's wear products throughout the United States and California, and misuse of the registration mark, constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

31. By these actions, Defendant has engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq., and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

32. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 et seq.; and federal law and California common law of contributory trademark infringement and vicarious trademark infringement; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1. using the BELLEFIT® mark, or any mark confusingly similar to the BELLEFIT mark, in connection with the marketing, promotion, advertising, sale, or distribution of any women's wear products;

2. directly or indirectly engaging in false advertising or promotions of BELLEFIT related women's wear products;

B. That Defendant file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant have complied with the terms of the injunction;

C. That Defendants be ordered to correct any erroneous impression persons may have derived concerning the Defendant's published claim that it owns the BELLEFIT PTO registered mark, including without limitation:

1. the sending of a press release that corrects the claims that the Defendant owns the Bellefit PTO registered mark and any variations thereof (with a copy to Plaintiff);

D. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent that the Defendant owns the BELLEFIT PTO registered mark;

E. That Defendant be adjudged to unlawfully and unfairly compete against Plaintiff under

the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

F. That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq. due to it's false and misleading claim of owning the registered BELLEFIT mark and misuse of the registration symbol;

G. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' false and misleading statements;

H. That Plaintiff be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

I. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

J. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 et seq. and contributory trademark infringement and vicarious trademark infringement under federal law and California common law;

K. That Plaintiff be granted prejudgment and post judgment interest;

L. That Plaintiff be granted costs associated with the prosecution of this action; and

M. That Plaintiff be granted such further relief as the Court may deem proper.

Dated: June 29, 2016

*[signature]*

_____
Rod Underhill
Attorney for Plaintiff

P.O. Box 1238
Julian, CA 92036
619-540-0631